[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 24, 2008
THOMAS K. KAHN
CLERK

No. 07-15376
Non-Argument Calendar
_____

D. C. Docket No. 06-20323-CV-FAM

WENDALL JERMAINE HALL,

Plaintiff-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
Walter A. McNeil,
UNKNOWN NAMED LEGAL MAIL OFFICIAL OF CHARLOTTE
CORRECTIONAL INSTITUTION,
UNKNOWN NAMED LEGAL MAIL OFFICIAL OF CENTRAL
FLORIDA RECEPTION CENTER,
UNKNOWN NAMED LEGAL MAIL OFFICIAL OF SOUTH FLORIDA
RECEPTION CENTER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 24, 2008)

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Wendall Hall, a state prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim. On appeal, Hall argues that he stated a claim for denial of "access to the courts, violation of [his] right to redress grievances[,] and violation of due process of law" because he alleged that the defendants' misconduct, in misdirecting his legal mail, resulted in his missing a filing deadline with respect to a motion for rehearing in the state appellate court, regarding his appeal of the denial of his motion to correct an illegal sentence.

We review de novo a district court's sua sponte dismissal for failing to state a claim under § 1915(e)(2)(B)(ii), viewing the allegations in the complaint as true. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003). The standards used for reviewing a dismissal under Fed.R.Civ.P. 12(b)(6) also are applied in reviewing a dismissal under § 1915(e)(2)(B)(ii). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). In addition, we hold

2

pro se pleadings to a less stringent standard than pleadings drafted by an attorney. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

The Fourteenth Amendment gives prisoners a right of access to the courts. Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998). Inmates are not, however, guaranteed "the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims," but are only assured "[t]he tools . . . need[ed] in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis v. Casey, 518 U.S. 343, 354-55, 116 S.Ct. 2174, 2181-82 (1996); see also Wilson, 163 F.3d at 1290. "The limited types of legal claims protected by the access-to-courts right [are] nonfrivolous appeals from a conviction, habeas petitions, or civil rights suits." Al-Amin v. Smith, 511 F.3d 1317, 1332 (11th Cir.), cert. denied, 129 S.Ct. 104 (2008).

A constitutional prerequisite to a claim of denial of access to the courts is that the complainant must have suffered an "actual injury." Al-Amin, 511 F.3d at 1332. In order to show actual injury, a plaintiff must show "deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that

3

results from actions of prison officials." Id. (internal quotes and citations omitted). We have noted that missing filing deadlines is an example of an actual injury. Wilson, 163 F.3d at 1290 n.10.

Because Hall's motion for a rehearing, which he alleged was untimely filed because of the actions of the defendants, was discretionary and related to a motion to correct an illegal sentence that already had been considered on the merits, we find that the district court did not err in finding that he failed to allege an actual injury. Accordingly, we affirm.

**AFFIRMED.**